Theodore McFee **TORRENCE**, Appellant,

v.

C. H. **LOONEY**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5286.

United States Court of Appeals Tenth Circuit.

May 5, 1956.

No appearance for appellant.

Royce D. Sickler, Wichita, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan., on the brief), for appellee.

Before HUXMAN and PICKETT, Circuit Judges, and HILL, District Judge.

HUXMAN, Circuit Judge.

The record shows that appellant Theodore McFee Torrence was indicted on October 7, 1954 for a violation of Section 2314 U.S.C.A. Title 18, charging him with transporting or causing to be transported in interstate commerce stolen securities of a value of $6,600, being seventy-five unendorsed United States Savings Bonds. On October 22, 1954 he was arraigned and entered a plea of not guilty. His cause was set for trial and counsel was appointed to represent him. On November 8, 1954, he together with his counsel appeared before Chief Judge Arthur J. Mellott in the United States District Court for the District of Kansas, withdrew his plea of not guilty, and entered a plea of guilty. He was sentenced to a term of four years and was delivered to the Warden of the United States Penitentiary at Leavenworth, Kansas, where he is now serving his sentence.

On January 5, 1955, while serving his sentence, he filed a petition for writ of habeas corpus in the sentencing court, alleging that he had not been permitted to retain proper counsel or to summon witnesses, and that he had been deprived of his constitutional rights under the Fourteenth Amendment. The trial court construed the application to be under 28 U.S.C.A. § 2255 and appointed counsel to represent him at a hearing on such application. He was brought before the court on March 3, 1955, a hearing was held, and the matter was taken under advisement. Subsequently he filed a motion for leave to amend his petition for writ of habeas corpus, alleging now that he was innocent of the crime with which he was charged; that certain of his rights under the Fifth and Sixth Amendments had been violated; also that the plea of guilty was entered because he did not realize what he was pleading to in the indictment. On March 16, 1955, he filed a "Motion to Dismiss," setting out various grounds in support thereof. In a subsequent pleading filed on March 30, 1955, it was alleged that "Where there has been an injustice done the court will find a remedy by Motion to correct that Injustice." Petitioner was again brought before the court and was given a full and complete hearing in which he was permitted to testify freely and fully to everything concerning his case. Thereafter the trial court stated that after having given careful consideration to all of the applications and motions the court was of the opinion that they were without merit. Judgment was entered denying him relief and he was permitted to appeal in forma pauperis.

Eight assignments of error are asserted. They are (1) the court below erred in failing to grant the motion for consolidation of the records in its court; (2) the court below erred in failing to find that the amended motions were directed to Title 28 U.S.C.A. § 2255, the original petition for writ of habeas corpus being nullified thereby; (3) the court below erred in failing to find that the amended motion did not amend the petition for habeas corpus but superseded the original petition for writ of habeas corpus; (4) the court below erred in failing to find that petitioner was not entitled to withdraw his plea of guilty; (5) the court below erred in failing to find that the indictment was void on its face in that the said indictment failed in matter of substance to set forth the charge within the scope of the Sixth Amendment to the United States Consti-

tution; (6) the District Court erred in failing to find specific facts and conclusions of law; (7) the District Court erred in refusing to set aside the plea of guilty; and (8) the District Court erred for other errors appearing of record.

A perusal of the record shows that the court went a long way to give appellant a full and complete hearing and permitted him to present any matter that he cared to present. Appellant was heard with respect to all of the motions, pleadings and matters that he had filed in court and which were there pending, although, as stated by the court, they were "ineptly drawn." A perusal of the entire record without more reveals that there is no substance in this appeal; that appellant had a full and complete hearing with regard to every proposition he cared to present to the court.

Affirmed.